**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

RANDY RANDALL                                                                                                           PLAINTIFF
ADC #257561

v.                                           4:24-cv-00322-BRW-JJV

ERIC S. HIGGINS, Sheriff,
Pulaski County Regional Detention Facility, *et al.*                                        DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      INTRODUCTION**

Randy Randall ("Plaintiff") is a pretrial detainee in the Pulaski County Regional Detention Facility ("PCRDF"). He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th

Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

## II.   ALLEGATIONS

Plaintiff says on January 30, 2023, he signed a contract with Lucky 8 TV LLC to participate in a documentary called *Unlocked* that was filmed at the PCRDF. (Doc. 2 at 3.) According to Plaintiff, he volunteered to be one of the "main actors" in the documentary that was filmed from February to April 2023, and shown on Netflix a year later, in April 2024. (*Id.* at 4, 9.) Nevertheless, Plaintiff says he was never paid for his appearance, while Sheriff Eric. S. Higgins, Pulaski County, the PCRDF's Re-Entry program, and unnamed jail employees allegedly received $1000 a day. (*Id*. at 4, 6, 8-9.) Plaintiff believes this violated his Eighth, Thirteenth, and Fourteenth Amendment rights. As Defendants, he has named Sheriff Higgins, Lucky 8 TV Publicist Greg Henry, and Prosecuting Attorney Will Jones, in both their individual and official capacities. As relief, Plaintiff seeks monetary damages as well as the reversal of his criminal conviction. After careful consideration, I conclude Plaintiff has failed to plead plausible claims for the following reasons.

First, Plaintiff says Sheriff Higgins failed his constitutional duty to protect him by allowing him to sign the documentary contract. (Doc. 2 at 6.) The Eighth Amendment requires custodians to "take reasonable measures to guarantee inmate safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). To proceed with such a claim, there must be facts that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendants knew of and disregarded

that substantial risk of serious harm. *Hodges v. Dept. of Corr.*, 61 F.4th 588, 592 (8th Cir. 2023); *Perry v. Adams*, 993 F.3d 584, 587 (8th Cir. 2021). Plaintiff has not explained how voluntarily participating in a documentary meets either criteria. Instead, Plaintiff is bringing this case because he was not paid for his participation in the documentary while Sheriff Higgins and others allegedly were. And he says that, because Pulaski County has deemed the Sheriff's contract with Lucky 8 TV and/or Netflix to be invalid, his agreement or contract is also invalid. But those are breach of contract claims that belong in state court, and not constitutional claims that can be raised in a § 1983 action. *See Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (a § 1983 action can only be brought for the violation of a federal right). Thus, I find he has not pled a plausible conditions of confinement claim.

Second, Plaintiff says Defendants violated the Thirteenth Amendment because he was not paid for his appearance in the documentary. But the Thirteenth Amendment's prohibitions against slavery and involuntary servitude do not require payment for voluntary participation in a documentary. *See Mosby v. Mabry,* 697 F.2d 213, 215 (8th Cir. 1982); *Burke v. N. Dakota Dep't of Correction & Rehab.*, 620 F. Supp. 2d 1035, 1059 (D.N.D. 2009). Thus, I conclude he has not pled a plausible Thirteenth Amendment claim.

Third, Plaintiff says Publicist Henry "discriminated" against him, presumably in violation of the equal protection clause of the Fourteenth Amendment, because Plaintiff was not paid for his appearance in the documentary, while the Sheriff, County, and jail employees allegedly were. (Doc. 2 at 11.) But a § 1983 action can only be raised against a state actor or private individual acting under color of law. *Roberson*, 42 F.4th at 928. Plaintiff's contract to participate in the documentary was with Lucky 8 TV and/or Netflix, neither of which are parties to this lawsuit. Further, there are no facts suggesting Lucky 8 TV, Netflix, or Publicist Henry were state actors or

3

acting under color of law. *See Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (the "one unyielding requirement is that there be a 'close nexus' not merely between the state and the private party, but between the state and the alleged deprivation itself" and no "such nexus exists where a private party acts with the mere approval or acquiescence of the state"). Instead, it appears they were merely private parties, against whom a § 1983 claim cannot be raised. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) ("Section 1983 secures most constitutional rights from infringement by governments, not private parties"). And, as will be explained it the following paragraph, the facts fall short of pleading a plausible equal protection claim against any Defendant.

Plaintiff also says Sheriff Higgins violated his equal protection rights by not ensuring that he received the same compensation as the County, Sheriff, and jail employees allegedly did for participating in the documentary. (Doc. 2 at 8.) To proceed with an equal protection claim that is not based on a suspect class or fundamental right, there must be facts suggesting Plaintiff was: (1) intentionally treated differently from; (2) other similarly situated individuals; and (3) there was no rational basis for the difference in treatment. *See Nolan v. Thompson,* 521 F.3d 989 (8th Cir. 2008). The Complaint falls short because there are no facts suggesting Plaintiff was similarly situated "in all relevant respects" to the Sheriff, County, or jail employees in regard to the making of the documentary. *See Gilani v. Matthews*, 843 F.3d 342, 348 (8th Cir. 2016) (to establish an equal protection violation, the "two groups must be similarly situated in all relevant respects"); *In re Kemp*, 894 F.3d at 909 ("Absent a threshold showing that she is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim"). Thus, I conclude he has not pled a plausible equal protection claim.

Fourth, it appears Plaintiff is attempting to raise a due process claim under the Fourteenth

4

Amendment.  Specifically, he says participating in the documentary "took me away from doing research on my criminal case." (Doc. 2 at 7.)  And he claims airing the documentary on Netflix somehow tainted his character to potential jurors and prevented him from having a fair criminal trial. (*Id*.)  Although it is unclear, it appears Plaintiff is bringing this claim against Prosecuting Attorney Jones.  But, Plaintiff has not explained how the Prosecutor was personally involved in the filming of the documentary.  *See Iqbal*, 556 U.S. at 676) (a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  And prosecutors are entitled to "absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003).  More importantly, if Plaintiff believes the making or airing of the documentary somehow resulted in his wrongful criminal conviction, he can only obtain the reversal of that conviction in a federal habeas action after exhausting all state court remedies.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  And only after he is successful in doing so, may Plaintiff then file a § 1983 claim for damages.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Thus, I conclude these allegations do not state a plausible § 1983 claim.

Finally, Plaintiff's official capacity claims must be treated as claims against the county itself.  *See Hall v. Higgins,* 7 F.4th 1171, 1178 (8th Cir. 2023); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).  Pulaski County cannot be held vicariously liable for its employee's actions in a § 1983 lawsuit. (*Id.*)  Instead, Pulaski County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709

(8th Cir. 2019). Plaintiff says Prosecutor Jones "failed to train Pulaski County, Arkansas Sheriff Eric S. Higgins, not to bring the Lucky 8 TV LLC, nor their partner company Netflix, into the Pulaski County Jail to make a documentary film." (Doc. 2 at 4.) As previously explained, Plaintiff's claim that the documentary somehow led to his wrongful conviction cannot be raised in a § 1983 case until his conviction is reversed or called into question in a state court or a federal habeas action. Finally, there are no facts suggesting the Prosecutor was responsible for the Sheriff's training, or that any such failure caused a constitutional violation. *See Smith-Dandridge v. Geanolous*, 97 F.4th 569, 578-79 (8th Cir. 2024) (to plead a plausible failure to train claim, there must be facts suggesting a "deliberate indifference to the need to train" and that the lack of training was "the moving force" behind the constitutional violation). Accordingly, I conclude Plaintiff has not pled a plausible official capacity claim.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a plausible claim for relief.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 3rd day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE